CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/21/2022
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| AMY LYNN CHILDRESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 6:22-cv-00054 |
| ) | |
| JIMMIE DEWITT CHILDRESS, III ) | By: Elizabeth K. Dillon |
| ) | United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is a pro se complaint brought by Amy Lynn Childress against her ex-husband, Jimmie Dewitt Childress. (*See* Compl., Dkt. No. 2.) It comes before the court on plaintiff's motion for leave to proceed in forma pauperis. (Dkt. No. 1.) For the reasons set forth below, plaintiff's motion will be granted for purposes of entering an order dismissing this matter for lack of jurisdiction.

The federal in forma pauperis statute, 28 U.S.C. § 1915, "is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute do not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis do not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." *Nagy v. Med. Ctr. Butner*, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that— . . . (B) the action or appeal— (i)

is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.§ 1915(e)(2). The court also has a duty to "vigorously police its own subject matter jurisdiction," so the court raises this issue on its own initiative, *Russo v. Eastwood Construction Partners, LLC*, No. 2:20-cv-4267-DCN, 2021 WL 1059023, at *2 (D.S.C. Mar. 18, 2021) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

As noted, plaintiff is suing her ex-husband, and her action relates to divorce proceedings in state court. She claims to have been "inhumanely" made homeless and carless, and she has three children who need her to have a car and a home. She seeks the return of all assets ordered to her husband, which she states is over a million dollars, and she asks the court to "suspend or take away the order or at least the property and money aspects until due process is served." (Compl. at 4.)

Plaintiff attempts to state that the court has diversity jurisdiction due to the amount in controversy. However, plaintiff explicitly alleges that she and her husband are both citizens of Virginia. "[D]iversity must be 'complete'" to satisfy 28 U.S.C. § 1332(a), which "means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Also, plaintiff's complaint does not allege a basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff states that she was deprived of due process in state court, but to bring a claim for violation of her constitutional rights pursuant to 42 U.S.C. § 1983, plaintiff must allege that defendant both violated "a right secured by the Constitution and laws of the United States," and that the deprivation of that right "was committed by a person acting under color of state law." *Tann v. Ludwikoski*, 393 F. App'x 51, 53 (4th Cir. 2010) (quoting *West v. Adkins*, 487 U.S. 42,

48–49 (1988)).  The under-color-of-state-law element of § 1983 "excludes from its reach merely private conduct."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Plaintiff does not allege that the defendant is a state actor or that he was in any way acting under color of state law for purposes of a § 1983 claim.

The court also notes that, to the extent there are ongoing state court proceedings in a domestic case, this court should abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* abstention doctrine provides that federal court abstention is proper when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interest; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding.  *See Hernandez Cuevas v. Hernandez*, Case No. 1:20CV178, 2020 WL 9848480, at *2 (M.D.N.C. Apr. 20, 2020) (recommending dismissal of challenge to divorce proceedings under *Younger*).  Alternatively, to the extent that the state court proceedings have ended, plaintiff appears to be asking the court to exercise appellate jurisdiction over a final judgment in state court.  The *Rooker-Feldman* doctrine bars lower federal courts from sitting in direct review of state court decisions.  *See Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 321 (4th Cir. 2016); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 482–84 (1983).

For these reasons, the court will issue an order granting plaintiff's motion for leave to proceed in forma pauperis for the purpose of ordering that this matter be dismissed without prejudice for lack of subject matter jurisdiction.

Entered: November 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge